1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  RICARDO JAVIER RUGAMA, | No. 1:26-cv-00656 JLT SKO (HC) |
| 12                Petitioner, | ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE |
| 13         v. | |
| 14  CHRISTOHER CHESTNUT, et al., | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, DENYING RESPONDENTS' MOTION TO DISMISS |
| 15                Respondents. | |
| 16 | |
| 17 | |
| 18 | (Docs. 1, 9, 15) |

19          Before the Court for decision is Ricardo Rugama's second request for a temporary

20   restraining order (Doc. 9), his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241

21   challenging his ongoing detention (Doc. 1) and the Respondents' motion to dismiss (Doc. 15) The

22   government filed their opposition to the TRO and the underlying petition asserting only that the

23   petitioner is subject to mandatory detention, a legal position that this Court has rejected

24   repeatedly. (Doc. 9.)

25          This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

26   § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency,

27   the Court withdraws that reference. For the reasons set forth below, the Court **GRANTS IN**

28   **PART** the petition for writ of habeas corpus and determines that the motion for temporary

                                            1

1  restraining order (Doc. 9) is **MOOT**.

2  **LEGAL STANDARD**

3  The Constitution guarantees that the writ of habeas corpus is "available to every

4  individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

5  (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

6  power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

7  laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

8  in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R.*

9  *P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

10  **DISCUSSION**

11  Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing

12  before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth

13  Amendment. (Doc. 1 at 8-11) Respondents assert that Petitioner is an "applicant for admission"

14  subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore

15  categorically ineligible for a bond hearing. (Doc. 15 at 1-2.) Courts nationwide, including this

16  one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy

17  unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D.

18  Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal.

19  Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal.

20  Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D.

21  Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108

22  (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348

23  (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL

24  145889 (E.D. Cal. Jan. 20, 2026). Thus, on these authorities, the Court rejects this position as a

25  basis to retain Petitioner in custody.

26  When Petitioner was arrested, he was charged with violations of the conditions of the

27  Alternatives to Detention program in which he was placed when he was released from custody on

28  December 22, 2022, soon after entering this country. (Doc. 15-3 at 3) These violations began in

2

1  July 2023 and continued sporadically through September 15, 2025. (Doc. 15-4) The violations

2  include him missing biometric check-ins, failing in-person home visits and missing self-report

3  check-ins. *Id*. The I-213 supporting his arrest, relies upon these violations of the conditions of the

4  ATD program. *Id*. Even still, Petitioner alleges that he has not been provided a bond hearing and,

5  as noted twice by this Court (Docs. 11, 14), he appears to be suffering from a dental condition,

6  and Respondents have failed to provide any information as to their efforts to provide for his

7  physical care. (Doc. 15)

8  **CONCLUSION AND ORDER**

9       Because there is evidence that the Petitioner has failed to comply with all requirements of

10  his ATD program, but Respondents have failed to provide a post-deprivation bond hearing, the

11  Court **ORDERS**:

12       1.     The reference of this matter to the Magistrate Judge is **WITHDRAWN**;

13       2.     The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**;

14       3.     Respondents **SHALL** provide Petitioner a substantive bond hearing **no later than**

15  **February 27, 2026**, at which the government bears the burden of demonstrating by clear and

16  convincing evidence that he is likely to flee or pose a danger to the community if not retained in

17  custody. Petitioner **SHALL** be allowed to be represented by his counsel.

18       **At this hearing and as part of the calculus as to whether Petitioner should be**

19  **released from detention, the Immigration Judge SHALL inquire into and consider whether**

20  **Petitioner is being provided adequate medical, dental and mental health care and whether,**

21  **if he is not released, he will receive adequate medical, dental and mental health care during**

22  **his detention**;

23       4.     The parties **SHALL** file a status report **no later than March 2, 2026** confirming

24  that Petitioner has received the bond hearing ordered here. **If he has not received this bond**

25  **hearing by February 27, 2026, Respondents SHALL immediately release Petitioner upon**

26  **the same terms of supervision he was under before his arrest.**

27  *///*

28  *///*

3

5.    The motion for temporary restraining order (Doc. 9) is **MOOT**.

IT IS SO ORDERED.

Dated:    **February 21, 2026**

_UNITED STATES DISTRICT JUDGE_