# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO JAVIER R.,[1]<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-00656-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA**<br><br>(Doc. 23)<br><br>FOURTEEN-DAY DEADLINE |

Petitioner Ricardo Javier R. ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Pending before the Court is the motion of Petitioner's counsel for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 23). Respondents did not file an opposition. (*See* Docket). Respondents' failure to file an opposition is construed by this Court as non-opposition to the motion. *See* E.D. Cal. L. R. 230(c).

This motion was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends that Petitioner's motion for EAJA fees be granted in part.

## I. BACKGROUND

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the undersigned omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Following the parties' briefing, on February 23, 2026, the Court granted the petition and ordered that Respondents grant Petitioner a bond hearing. (Doc. 17).

## II. LEGAL STANDARD

The EAJA provides for an award of attorney's fees and costs to private litigants who prevail "in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. ANALYSIS

### A. Merits

Petitioner argues: (1) they are a prevailing party, (2) the government's position was not substantially justified, and (3) no special circumstances make an award unjust. (Doc. 23 at 4– 7). As such, Petitioner requests $9,751.19 in attorney's fees, which Petitioner contends is the statutory rate, adjusted for inflation, for work performed in 2025 and including a rate of $125 per hour for paralegal time. (*Id.* at 6). Petitioner also seeks costs in the amount of $5.00.

Petitioner specifically argues they are a prevailing party because the Court granted Petitioner's habeas petition. (Doc. 23 at 5). Petitioner argues the Court's ruling compelled Respondent to provide Petitioner a bond hearing at which Petitioner was ultimately released and that that outcome constitutes a judicially sanctioned success of the type contemplated by EAJA. (*Id.*).

The undersigned agrees with Petitioner that they are a prevailing party. *See Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (holding that a material alteration in the relationship between the parties such as the plaintiff receiving at least some relief on the merits of his claim qualifies him as a prevailing party).

As to whether the government's position was substantially justified, Petitioner specifically argues the government cannot show that its position has a reasonable basis in both law and fact because its interpretation of 8 U.S.C. § 1225(b)(2)(A) as mandating detention for settled residents like Petitioner was squarely rejected by numerous courts. (Doc. 23 at 5). Respondents did not

oppose Petitioner's motion, thus, to the extent Respondents disagree with Petitioner's argument, the undersigned finds Respondents fail to meet their burden that their position was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569–70 (9th Cir. 1995) (holding the burden is on the government to establish substantial justification for its position). Moreover, as Petitioner points out, the vast majority of courts in this Circuit, including this one, and now the Circuit itself have repeatedly rejected Respondents' position. *See*, *e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Carlos v. Chestnut*, No. 1:26-cv-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026); *Lopez-Perez v. Johnson*, No. 1:26-cv-03083 JLT SAB (HC), 2026 WL 1506818 (E.D. Cal. May 29, 2026); *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026).

For the same reasons, the undersigned finds Respondents fail to meet their burden that there are special circumstances that would make an award of attorney's fees unjust.

**B. Fees**

In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. . . Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id*.

Here, Respondents do not challenge the reasonableness of the amount of fees requested by counsel for Petitioner. (*See* Docket). According to their declaration, counsel for Petitioner, Attorney Salgado, spent approximately 29.1 hours on tasks associated with litigating the merits of the case. Additionally, counsel for Petitioner seeks to recover for approximately 17.8 hours of time spent by a paralegal on the litigation, as well as the $5.00 filing fee. (Doc. 23-3). Counsel attaches the signed declaration of Petitioner in support of the motion. (Doc. 23-1).

The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja*, 428 F.3d at 876–77; "Statutory Maximum Rates," *available at* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 8, 2026). This maximum rate—presently $258.46—controls unless the district court finds that a "special factor" warrants a higher rate, *see Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001), such as "where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate." *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 766 (9th Cir. 1985). Here Petitioner seeks only the statutory rate for hours expended, which the undersigned finds to be reasonable. Counsel for Petitioner also requests paralegal fees at the rate of $125 per hour. (Doc. 23-3 at 3). Another judge of this District recently found this to be within the prevailing paralegal rate, and the undersigned finds this rate to be appropriate. *See Saesee v. Bisignano*, No. 1:21-cv-01562-SKO, 2026 WL 1398969, at *3 (E.D. Cal. May 19, 2026). The undersigned therefore finds the paralegal rate requested reasonable.

Counsel also attaches a billing ledger. (Doc. 23-4). Attorney Salgado billed approximately 29.1 hours on all tasks associated with the petition, including intake, preparing the petition and motion for temporary restraining order, communicating with Petitioner, reviewing and responding to Court orders, ad reviewing Respondents' filings. (*Id.*).

As to the billing entries for 17.8 hours of work conducted by a paralegal, the tasks as recorded on the billing entries do not appear to be duplicative. However, the undersigned finds some of the time expended to be clerical and not compensable. In general time expended by counsel on clerical tasks such as "filing, transcript, and document organization time" should not be awarded. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir. 1997) (approving the elimination of hours spent on clerical tasks from the lodestar calculation); *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012) (discounting time for "filing or retrieving electronic court documents or copying"). The billing ledger reveals several entries for purely clerical tasks, such as filing and compiling documents. Courts have determined these tasks are clerical in nature, and time expended should not

be awarded. *See*, *e.g.*, *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing documents appeared clerical, and declining to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal"); *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing and updating files appeared clerical, and declining to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal"). Therefore, the undersigned will recommend deducting 11 hours of paralegal time for time associated with filing and the organization of exhibits and supporting materials. The undersigned finds that the time spent doing other tasks including identifying documents, quality checking documents, preparing case summaries and checklists, service coordination, coordination of legal visits, collecting evidence, and documentation to be reasonably expended. (*See* Doc. 15-4).

Based on the undersigned's experience presiding over a significant number of immigration-related habeas corpus cases, coupled with the hours found reasonable by other courts in similar actions, the undersigned finds that counsel's expenditure in this action of 35.9 hours is reasonable. *See Doe v. Chestnut*, No. 1:25-cv-1372-CDB, 2026 WL 1459808, at *4 (E.D. Cal. May 25, 2026) (awarding $34,518.77 for 131.06 attorney hours and 4.3 paralegal hours); *Gurjinder S. v. Warden*, No. 1:26-CV-00188-TLN-CSK, 2026 WL 2110865, at *8 (E.D. Cal. July 22, 2026) (awarding $14,732.22 for 57 attorney hours and 3 legal assistant hours); *N.A.L.C. v. Wofford*, No. 1:25-cv-1917-KES-CDB, 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026) (recommending award of $7,685.05 for 13.6 attorney hours and 27.8 paralegal hours); *Karla D. R. v. Chestnut*, No. 1:26-cv-1137-TLN-CKD, 2026 WL 1906168, at *2 (E.D. Cal. July 2, 2026) (awarding $6,345.81 in attorney fees for 19.6 attorney hours and 10.2 paralegal hours); *E.A.P.C. v. Wofford*, No. 1:25-cv-1546-JLT-CDB, 2026 WL 1758394 (E.D. Cal. June 18, 2026), *report and recommendation adopted*, 2026 WL 1983910 (E.D. Cal. July 9, 2026) (awarding $5,828.30 for 6.3 attorney hours and 28 paralegal hours); *A.S. v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 1:26-CV-01039-JLT-EGC (HC), 2026 WL 1847393, at *2 (E.D. Cal. June 26, 2026), *report and recommendation adopted sub nom. A.S. v. Noem*, No. 1:26-CV-01039 JLT EGC (HC), 2026 WL 2030166 (E.D. Cal. July 14, 2026) (recommending award of $3,235.75 for 12.5 attorney hours); *Oscar C.M. v. Knight*, No. 1:25-CV-

01915-TLN-SCR, 2026 WL 743350 (E.D. Cal. Mar. 17, 2026) (awarding $2,966.44 for approximately 13 attorney hours).

In sum, the undersigned finds as follows:

(1) Total attorney hours deemed reasonable: 29.1 * $258.46/hr. = $7,521.19;

(2) Total paralegal hours deemed reasonable: 6.8 * $125.00 /hr. = $850;

(3) Filing fee = $5.00

(4) Total fees and costs deemed reasonable: $8,376.19.

In light of the above, and having found the requested amount reasonable, the undersigned will recommend granting the motion in part.

## IV. CONCLUSION

For the foregoing reasons, it is HEREBY RECOMMENDED:

1. Petitioner's motion for the award of attorneys' fees, (Doc. 23), be GRANTED IN PART;
2. Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $8,376.19; and
3. This award be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result

in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 15, 2026**

Erin Sanger Castillo
UNITED STATES MAGISTRATE JUDGE